UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>           Plaintiff, )<br>)<br>v. )<br>)<br>2.  MILAN PATEL, )<br>           Defendant. ) | Criminal No. 18-10444-NMG |

## PRELIMINARY ORDER OF FORFEITURE

**GORTON, D.J.**

WHEREAS, on November 27, 2018, the United States Attorney for the District of Massachusetts filed a two-count Information, charging defendant Milan Patel (the "Defendant") and another, with Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. §371 (Count One); and Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Count Two);

WHEREAS, the Information also included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts One and Two of the Information of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used in any manner or part, to commit, or to facilitate the commission, of such offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraphs Two and Three above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on February 27, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on November 21, 2018;

WHEREAS, in Section 9 of the plea agreement, the Defendant was advised the United States will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses;

WHEREAS, the assets to be forfeited specifically included, without limitation, the following:

> a. Defendant's interest, if any, in any and all trading proceeds for the security EPTI (the "EPTI Trading Proceeds"); and
>
> b. An Order of Forfeiture (Money Judgment), if any, in an amount to be determined by the Court at sentencing (the "Money Judgment");

WHEREAS, the Defendant admitted that the EPTI Trading Proceeds are subject to forfeiture on the grounds that these monies constitute, or are derived from, proceeds of Defendant's offenses;

WHEREAS, since Defendant's guilty plea, the Defendant has identified and the United States has learned of additional assets subject to forfeiture as property that constitutes, or is derived from, proceeds of Defendant's offenses. The additional assets to be forfeited include

the following:

   a.   ENCR shares held in account number ending in 2846 in the name of Aureus Financial Holdings LLC, Milan Patel, Manager, at TD Bank;

   b.   CURR shares held in account ending in 8620 in the name of Aureus Financial Holdings LLC, Milan Patel, Manager, at Interactive Brokers; and

   c.   MNTM shares held in account ending in 8620 in the name of Aureus Financial Holdings LLC, Milan Patel, Manager, at Interactive Brokers.

(collectively, "Additional Assets").

WHEREAS, the Defendant consents to the forfeiture of these Additional Assets.

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, and the Defendant's consent to the forfeiture of the Additional Assets, the United States has established the requisite nexus between the Additional Assets and the offenses to which the Defendant pled guilty, and accordingly, the Additional Assets are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Additional Assets.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Additional Assets and the offense(s) to which Defendant pled guilty.

2.   The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.   Accordingly, all of Defendant's interests in the Additional Assets are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C),

and 28 U.S.C. § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Additional Assets and maintain them in its secure custody and control. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Additional Assets.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Additional Assets to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Additional Assets, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Worcester, Massachusetts, requesting a hearing to adjudicate the validity of his interest in the Additional Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Additional Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Additional Assets, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Additional Assets.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: 12/11/19

_____
NATHANIEL M. GORTON
United States District Judge